IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY L. SMITH                                                                   PLAINTIFF

vs.                                  Civil No. 6:12-cv-06090

CAROLYN W. COLVIN                                           DEFENDANT
Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Gary L. Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. <u>Background</u>:**

Plaintiff protectively filed his DIB application on March 10, 2008. (Tr. 11, 133). Plaintiff alleges being disabled due to breathing problems and nerve damage ("left side of body numb"). (Tr. 161). Plaintiff alleges an onset date of October 1, 2006. (Tr. 133). This application was denied initially and again upon reconsideration. (Tr. 49-50).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

request was granted. (Tr. 58-70). This hearing was set for September 10, 2009, but Plaintiff was a "no show" at this hearing. (Tr. 82-83). Plaintiff's hearing was rescheduled to November 6, 2009, but Plaintiff was again a "no show" at this hearing. (Tr. 101). Plaintiff's hearing was finally rescheduled to April 22, 2010, and Plaintiff appeared and testified. (Tr. 21-48, 109). This hearing was held in Hot Springs, Arkansas. (Tr. 21-48, 109). Plaintiff was represented by Donald Pullen. (Tr. 21-48). In addition to Plaintiff, Vocational Expert ("VE") Dwight Turner also testified at this hearing. *Id.* During this administrative hearing, Plaintiff testified he was fifty-three (53) years old. (Tr. 26). Such an individual is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). Plaintiff also testified he had graduated from high school. (Tr. 26).

On June 4, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 8-16). In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act as of October 1, 2006 and continued to meet them through December 31, 2007. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 1, 2006. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairment: chronic obstructive pulmonary disease ("COPD"). (Tr. 15, Finding 3). The ALJ determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-16). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 15, Finding 5). Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> The claimant has a residual functional capacity for a wide range of light exertional work. This limits him to work which requires him to push, pull, lift or carry no more than twenty pounds occasionally, and ten pounds frequently, while sitting or standing/walking up to six hours each during an eight-hour workday, with no concentrated exposure to odors, gases or temperature extremes.

*Id.* at 6.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15, Finding 7). The VE testified at the administrative hearing on this matter. (Tr. 41-48). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a car salesman. (Tr. 15, Finding 7). The VE also testified that, considering his RFC, Plaintiff remained capable of performing this PRW. *Id.* Based upon this testimony, the ALJ determined Plaintiff was not disabled as defined in the Act at any time from October 1, 2006 (alleged onset date). (Tr. 16, Finding 8).

Thereafter, on June 30, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). The Appeals Council denied this request for review on June 6, 2012. (Tr. 1-3). On July 6, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 19, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal[2]: (A) the ALJ erred in determining his impairments did not meet the requirements of Listing 3.00; and (B) the ALJ erred in evaluating his subjective complaints. ECF No. 8 at 1-20. In response, Defendant argues substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal the requirements of the Listings, and substantial evidence supports the ALJ's credibility determination. ECF No. 9. The Court will address both arguments Plaintiff has raised.

A.  **Listing 3.00**

Plaintiff claims his respiratory impairments meet the requirements of Listing 3.00. ECF No. 8 at 9-16. However, Listing 3.00 does not provide an independent basis for meeting an Appendix 1 Listing. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. Instead, Listing 3.00 merely contains general provisions that describe the acceptable testing methods for respiratory impairments. *Id.* The following are actually the listed impairments: Listing 3.02 (Chronic Pulmonary Insufficiency), 3.03 (Asthma), 3.04 (Cystic Fibrosis), 3.06 (Pneumoconiosis), 3.07 (Bronchiectasis), 3.08 (Mycobacterial, mycotic, and other chronic persistent infections of the lung), 3.09 (Cor pulmonale secondary to

---

[2] Plaintiff also argues in the second part of his briefing (Pages 16 to 20) that the ALJ erred in assessing the opinions of his treating physician. Plaintiff, however, does not explain *which* opinions the ALJ failed to consider. Indeed, the only medical records Plaintiff cited in this portion of his briefing were from 2011, which is several years after his insured status expired. Thus, the Court will not consider this conclusory argument.

chronic pulmonary vascular hypertension), 3.10 (Sleep-related breathing disorders), and 3.11 (Lung transplant).

Plaintiff has not indicated which of these listed impairments apply. ECF No. 9. Plaintiff has also not demonstrated his impairments meet or equal the requirements of any of these listed impairments. *Id.* Plaintiff has the burden of demonstrating his impairments meet or equal the requirements of one of these listed impairments. *See Cox,* 160 F.3d at 1206. Because Plaintiff has not met his burden, the Court will not address this argument further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the claimant's conclusory assertion that he met listings because the claimant provided no analysis of the relevant law or facts concerning those listings).

    **B.**    **Credibility Determination**

Plaintiff claims the ALJ erred in assessing the credibility of his subjective complaints. ECF No. 8 at 16-20. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*. (Tr. 11-16). In his opinion, the ALJ referenced *Polaski* and then noted several inconsistencies between Plaintiff's subjective complaints and his medical records, including the following: (1) despite his complaints regarding his respiratory problems, Plaintiff "continues to smoke one and one-half packs of cigarettes daily which exacerbates any breathing problems"; (2) even though Plaintiff claims he cannot afford medical treatment, he has had the opportunity to receive treatment from Charitable Christian Clinic and the emergency room and has been able to afford cigarettes and alcohol (a six-pack per weekend)

that could assist in defraying the cost of medication; and (3) Plaintiff is able to prepare food in the microwave, do laundry, maintain a driver's license, and "lift up to forty pounds before feeling pain and becoming breathless." *Id.* Further, the ALJ noted Plaintiff's medical records did not support his subjective allegations. *Id.* Considering these findings, the Court finds no basis for reversing the ALJ's evaluation of Plaintiff's subjective complaints. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of May 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE